IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| DOUGLAS LELAND ADCOCK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04-1307-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| DELL SCHOMBURG, | ) | |
| | ) | |
| Defendant. | ) | |

Douglas Adcock
SID No. 12597812
4005 Aumsville Hwy., S. E.
Salem, Oregon 97301

    Pro Se Plaintiff

Hardy Myers
Attorney General
Kathryn A. Cottrell
Assistant Attorney General
Department of Justice
1162 Court Street N. E.
Salem, Oregon 97301-4096

    Attorneys for Defendant

PAGE 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Douglas Leland Adcock is an inmate in the custody of the Oregon Department of Corrections ("ODOC") currently housed at the Santiam Correctional Institution ("SCI"). Plaintiff brings an action under sections of the Oregon Constitution, the United States Constitution, and the Religious Land Use and Institutionalized Persons Act of 2000, alleging that ODOC staff violated his civil rights by failing to provide "clean foods" and days off for religious holidays. Before me is defendant's motion to dismiss plaintiff's complaint for failure to exhaust the remedies available to him through the prison system (# 17). For the following reasons, I grant the motion.

Also before me are defendant's motions to strike (#32, #36) amended complaints filed by plaintiff, and defendant's motion to strike interrogatories (#25). For the following reasons, I grant defendant's motions to strike the amended complaints, but deny defendant's motion to strike interrogatories.

Finally, before me are plaintiff's motion to compel discovery (#30), plaintiff's motion for appointed counsel (#26), and plaintiff's motion to deny defendant's request pending appointment of counsel (#27). For the following reasons, I deny the motions.

**DISCUSSION**

The Prison Litigation Reform Act ("PLRA") states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to exhaust is an affirmative defense that defendants have the burden of raising and proving. Wyatt v. Terhune,

315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). The defense is subject to an unenumerated Rule 12(b) motion in which the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120.

When a prisoner has not exhausted nonjudicial remedies, the court should dismiss the claim without prejudice. Id. The prisoner must exhaust all available remedies, even if the remedies are not "plain, speedy, and effective," and even if the prisoner seeks relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002) (PLRA's exhaustion requirement applies to all prisoner suits about prison life, whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong).

Grievances are processed in accordance with the ODOC Administrative Rules for Inmate Communication and Grievance Review System. Inmates are encouraged to talk to first line staff as their primary way to resolve disputes and, if not satisfied, to use a written inmate communication form. OAR 291-109-0120(2)(a)(A) and (B). If this does not resolve the issue, the inmate can file a grievance if it complies with the rules and no other review process is available. OAR 291-109-0140(1)(a) and (2)(b)(B).

Inmates can grieve: (1) the application of or lack of any administrative directive or operational procedure; (2) unprofessional behavior or action directed toward an inmate by an employee or volunteer; and (3) any oversight or error affecting an inmate. OAR 291-109-0140(2)(a).

An inmate can appeal a grievance response to the functional unit manager by completing a grievance appeal form and filing it with the grievance coordinator within fourteen days of

receipt of the response. OAR 291-109-0140(5)(a). If still not satisfied, the inmate can appeal the functional unit manager's decision by completing another grievance appeal form and filing it with the grievance coordinator within fourteen days. This final appeal is decided by an assistant director having authority over the issue. OAR 291-109-0140(5)(b).

Discrimination complaints must be made pursuant to a different set of rules set forth in OAR 291-006-0005 through OAR 291-006-0025. Under these rules, an investigation is done and a response is given to the inmate. The inmate is then entitled to further review of the response to the discrimination complaint by a person or entity not under the supervision or control of the institution to which the inmate is assigned.

Plaintiff was an inmate at Santiam Correctional Institution ("SCI") at all times material to this lawsuit. Defendant contends that plaintiff failed to file an appeal of the response to his grievance. One of the SCI grievance coordinators, Kati Zandol, submits an affidavit explaining that plaintiff initially failed to file a grievance form that met the requirements of the ODOC administrative rules on grievances. Plaintiff filed only one grievance regarding religious services and failed to attach proof that he had attempted to resolve the issues informally. Plaintiff corrected this error after it was pointed out to him and the grievance was accepted. Once he received the response to his grievance, however, plaintiff did not appeal the response. Therefore, he has failed to use the available grievance process to address his concerns regarding access to religious services and kosher diet.

With respect to his discrimination complaint, plaintiff filed an inmate discrimination complaint, received a response, but failed to request review of the response.

In opposition to defendant's motion, plaintiff argues there was no administrative remedy "actually operating" since there was no grievance coordinator. He claims he filed his complaint on August 6, 2004, and that he did not receive a response to his grievance until August 10, 2004. However, the record reflects that plaintiff filed his complaint on September 9, 2004, after he received a response to his grievance.

I cannot reach the merits of plaintiff's civil rights claims until and unless plaintiff has exhausted his administrative remedies through the prison system. I conclude that plaintiff has not complied with the exhaustion requirement and I grant defendant's motion to dismiss.

Defendant filed motions to strike the two amended complaints plaintiff filed subsequent to defendant's submission of the motion to dismiss. Pursuant to Federal Rule of Civil Procedure 15(a), a party is permitted to amend a pleading once an answer has been filed only by leave of the court or by consent of the adverse party. Since defendant has refused to consent, and since plaintiff neglected to seek leave of the court, I grant defendant's motions to strike the two amended complaints.

Defendant also moves to strike the interrogatories purportedly served upon and completed by "T. Woolery" and "K. Zandol" because defendant did not receive a copy of the interrogatories and because neither of these people are parties to the case. It is true that interrogatories are a form of discovery to be used on parties only. See Fed. R. Civ. P. 33. However, plaintiff uses the interrogatories almost as a form of affidavit. Consistent with my duty to "liberally construe the pleadings and efforts of pro se litigants, particularly where highly technical requirements are involved[,]" I do not strike the interrogatories. See United States v. Ten Thousand Dollars

($10,000) in U.S. Currency, 860 F.2d 1511, 1513 (9th Cir. 1988) (citation omitted). Accordingly, I deny defendant's motion to strike the interrogatories.

As for plaintiff's motion to compel discovery, I granted defendant's motion to stay discovery on April 27, 2005. The motion to compel flies in the face of the stay. Accordingly, I deny plaintiff's motion to compel discovery.

Finally, plaintiff seeks the appointment of counsel. I only may appoint counsel to litigants pursuant to 28 U.S.C. § 1915(e)(1). That statute does not authorize courts to require counsel to represent litigants, but only to request such representation on a *pro bono* basis. See Mallard v. U.S. Dist. Court., 490 U.S. 296, 304-05 (1989). The appointment of counsel pursuant to Section 1915(e)(1) is limited to cases presenting exceptional circumstances. See Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam). I do not find that plaintiff presents exceptional circumstances requiring me to request counsel to represent him.

## CONCLUSION

Defendant's Unenumerated 12(b) Motion to Dismiss (#17) is granted. Defendant's Motions to Strike Plaintiff's Amended Complaints (#32, #36) are granted. Defendant's Motion to Strike Interrogatories (#25) is denied. Plaintiff's Motion Compelling Discovery (#30) is denied. Plaintiff's Motion for Appointment of Counsel (#26) and Motion to Deny Defendant's Request Pending Appointment of Counsel (#27) are denied. This case is dismissed without prejudice.

IT IS SO ORDERED.

Dated this ___12th___ day of September, 2005.

          /s/ Garr M. King          
          Garr M. King
          United States District Judge